

# Fourth Court of Appeals
## San Antonio, Texas

October 13, 2014

No. 04-14-00616-CR

Arthur Thomas **MAYES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2601A
Lorina I. Rummel, Judge Presiding

## O R D E R

On September 3, 2014, the district clerk's notified to this court that Appellant Arthur Mayes had not filed a notice of appeal. On September 23, 2014, this court issued a show cause order requiring Appellant show cause within fifteen days why this appeal should not be dismissed for want of jurisdiction. On October 8, 2014, the district clerk filed the clerk's record, including a notice of appeal filed on October 1, 2014. Our September 23, 2014 show cause order is satisfied.

The trial court imposed sentence in the underlying cause on July 15, 2014. Because Appellant did not file a motion for new trial, the notice of appeal was due to be filed August 14, 2014. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on August 29, 2014. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on October 1, 2014; and a previous motion for leave to file a late notice of appeal was filed on August 25, 2014.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*.

Having reviewed the record, it appears that the notice of appeal was untimely filed. Although the motion for leave to file a late notice of appeal was timely filed, Appellant did not file his notice of appeal until October 1, 2014. *See id.* It is therefore ORDERED that appellant show cause in writing within two weeks from the date of this order why this appeal should not be dismissed for lack of jurisdiction.[1] *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991)(out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of October, 2014.

Keith E. Hottle
Clerk of Court

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).